**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KIM TAYLOR, Petitioner, | : | Civil Action No. 06-5123 (NLH) |
| v. | : | **OPINION** |
| FEDERAL BUREAU OF PRISONS, et al., Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Kim Taylor
F.C.I. Fort Dix
P.O. Box 1000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

Petitioner Kim Taylor, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The respondents are the Federal Bureau of Prisons, D. Scott Dodrill, and Warden Charles E. Samuels, Jr.

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner has not exhausted his administrative remedies, the Court will dismiss the Petition. See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner asserts that on June 28, 2006, he was sentenced to a term of imprisonment of 30 months pursuant to a guilty plea to one count of Conspiracy to defraud the United States, contrary to 18 U.S.C. § 371. See United States v. Taylor, 04-cr-0786 (WJM). Petitioner states that he has been in continuous custody pursuant to the referenced charge since January 31, 2005, at various county jails within the District of New Jersey and that, following sentencing, he was transferred to the custody of the Federal Bureau of Prisons, arriving at the federal prison camp at Fort Dix, New Jersey, on August 21, 2006.

With credit for time served since January 31, 2005, and earned and projected good time credits, Petitioner's anticipated release date is March 31, 2007. Petitioner's alleges that he qualifies for immediate placement in a Community Corrections Center ("CCC").

On arrival at the Federal Corrections Center at Fort Dix, Petitioner requested to discuss CCC placement with his case manager, Ms. C. Rodriguez. He was informed that the matter would be discussed at his Unit Team meeting to be held within 30 days. At the Unit Team meeting on September 12, 2006, Petitioner was

advised that his official sentence computation had not been completed, but that due to his short time remaining, he would receive no CCC placement prior to his statutory release date, because there was insufficient time to complete the necessary paperwork.

On September 19, 2206, Petitioner received a Sentence Monitoring Computation Data form which reflected the anticipated release date of Mach 31, 2007. Case Manager Rodriguez informed Petitioner that any further discussion concerning CCC placement would have to await the return of Unit Manager T. Mulvey from vacation on October 2, 2006.

On October 3, 2006, Petitioner submitted an Inmate Request to Staff to Unit Manager Mulvey requesting immediate assignment to a CCC. On October 13, 2006, Unit Manager Mulvey informed Petitioner that the Unit Team was recommending only 75 days CCC placement, saying that this represented the maximum placement time possible that would allow the BOP to complete the necessary paperwork.

Petitioner states that he has not exhausted the administrative remedy process established by the BOP because "to do so would be futile given that the Petitioner is approaching his statutory release date, and the ... delays inherent in the administrative remedy process would render any relief which could be granted effectively meaningless. (Petition, ¶ 20.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III. ANALYSIS

Federal law imposes upon the Bureau of Prisons the obligation and discretion to designate the place of a prisoner's imprisonment, as follows:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoners's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

In addition, federal law provides that prisoners shall, to the extent practicable, serve the last portion of their imprisonment under conditions that will facilitate their transition from prison life to the community.

> (c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. ...

18 U.S.C. § 3624(c).

Recently, the Court of Appeals for the Third Circuit held that both initial placement decisions and pre-release transfer decisions must be individualized determinations based upon the factors enumerated in § 3621(b).

> In sum, individual determinations are required by § 3621(b). ... While the BOP may exercise considerable discretion, it must do so using the factors the Congress has specifically enumerated.
>
> ...
>
> The dissent argues that the § 3621(b) factors need not be considered by the BOP until an inmate transfer is "actually considered." We disagree. ...
>
> ... The statute as a whole, if it is to have practical effect, indicates that the factors enumerated must be considered in making determinations regarding where to initially place an inmate, as well as whether <u>or not</u> to transfer him. ... The congressional intent here is clear: determinations regarding the placement scheme-including where a prisoner is held, and when transfer is appropriate-must take into consideration individualized circumstances. ...

> . . .
>
> In short, we conclude that the § 3621(b) factors apply to BOP determinations regarding whether or not initial placements or transfers are appropriate. We thus do not find that the factors are limited by the temporal references in § 3624.

Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247, 249-51.[2]

Petitioner, however, admits that he has not exhausted the administrative remedies[3] available to him to challenge the decision regarding his CCC placement. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner

---

[2] The Court of Appeals also held that a § 2241 petition is an appropriate vehicle to challenge the Bureau of Prisons' decision whether to place an inmate in a CCC. Woodall, 432 F.3d at 241-44. Accordingly, this Court has jurisdiction over this Petition.

[3] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, resolution of the question whether the BOP has exercised properly its obligation and discretion to make placement decisions is highly dependent upon development of the facts relevant to that decision. Moreover, Petitioner received a response to his first challenge to the placement decision in ten days. In response to that first challenge, a decision was made to change the pre-release CCC placement from no time to 75 days. Thus, this case clearly presents a situation in which the goals of administrative review would be met by permitting the BOP to address Petitioner's challenge in the first instance. Petitioner has failed to demonstrate that he would face inordinate delay in pursuing his administrative remedies. Accordingly, this Court finds that Petitioner has failed to establish that exhaustion of administrative remedies would be futile.

This Court expresses no opinion as to whether Respondents are in compliance with the requirements of Woodall.

IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order follows.

Noel L. Hillman

Noel L. Hillman
United States District Judge

Camden, New Jersey

Dated: November 6, 2006